# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**MELINDA SEIBER,**                           **CIVIL ACTION NO. 09-1780**
**ALTON SEIBER**

**VERSUS**                                    **JUDGE DOHERTY**

**ACE AMERICAN INSURANCE CO.,**               **MAGISTRATE JUDGE HANNA**
**TARGET CORP. OF MINNESOTA,**
**JOHN DOE**

### SUA SPONTE JURISDICTIONAL BRIEFING ORDER

Defendants removed this case from a local state court alleging that this court has

diversity jurisdiction under 28 U.S.C. §1332.  The undersigned has reviewed the pleadings

to determine whether the $75,000 jurisdictional amount has been met.

Plaintiff alleges she slipped on a liquid substance at defendant's Target store in

Lafayette, Louisiana, causing her to suffer "severe injuries" and "serious and permanent

injuries which have resulted in past and future physical and mental pain and suffering and

past and future loss of earning capacity, which has necessitated that she incur medical

expenses, both past and future. . . ."[1]  Petitioner Alton Seiber claims a loss of consortium.[2]

Plaintiffs specifically allege "[u]pon information and belief, at this time damages sustained

by petitioner total less than $75,000.00, exclusive of interest and costs."[3] Plaintiffs did not

---

[1]See *Petition* (rec. doc. 1-1)*,* ¶ 4.

[2]*Ibid.,* ¶ 5.

[3]*Ibid*., (rec. doc. 1-1), ¶ 6.

1

request a jury trial.

In the Notice of Removal, defendants state as follows:

On information and belief, Seiber has complained of pain in her wrist, elbow, knee and ankle and of spasms in her back for which her personal physician has prescribed muscle relaxers and other pain medications.  Seiber had back surgery in 1994 for an L4-5 disc herniation during or after which a dorsal column stimulator was implanted to block chronic pain.  Defendants have reason to believe that since the accident, Plaintiff's dorsal column stimulator has been turned off due to her muscle spasms and/or has not functioned properly, possibly because of the accident.  Defendants believe Plaintiff will testify that her back pain has been much worse since the accident.[4]

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount.  Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999);  Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

It is not facially apparent that plaintiff's claims are in excess of $75,000, and while defendants have "upon information and belief" alleged certain injuries and damages they believe plaintiff to have suffered, same is not sufficient given plaintiff's direct denial of an amount in controversy exceeding $75,000, and lack of request for a jury trial.

**IT IS THEREFORE ORDERED** that on or before **February 24, 2010**, defendants

---

[4]See *Notice of Removal* (rec. doc. 1), ¶ 10.

2

shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. *Supporting documentation and/or affidavits are advisable.*

Plaintiff will be allowed seven days to respond to defendant's arguments.

Lafayette, Louisiana, this 10th day of February, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)